UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61847-CIV-DAMIAN

ZHANGNV GAO,

      Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
 ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

      Defendants.

_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 47]

**THIS CAUSE** is before the Court on Plaintiff, Zhangnv Gao's ("Plaintiff"), Motion for Entry of Default Judgment as to Certain Defendants and Incorporated Memorandum of Law, filed December 9, 2025 [ECF No. 47 (the "Motion")].

THE COURT has considered the Motion, the record in this case, and the applicable law and is otherwise fully advised. The Court notes that the 123 Defaulting Defendants identified on Schedule "A" have failed to appear, answer, or otherwise respond to the Complaint, and the time to do so has expired. Nevertheless, due to deficiencies in the Motion and proposed order discussed below, the Motion is due to be denied.

### I.    BACKGROUND

Plaintiff initiated this action on October 4, 2024, against the Partnerships and Unincorporated Associations identified on Schedule "A" to the Complaint ("Defendants"), asserting claims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Plaintiff alleges that the Defendants operated online storefronts through Walmart.com and other e-commerce platforms to advertise,

market, offer for sale, and sell counterfeit and infringing products bearing the EIDECHSE trademark without authorization.

According to the Complaint, Plaintiff is the owner of all rights, title, and interest in the EIDECHSE trademark, including United States Trademark Registration No. 7,321,531. Plaintiff alleges that the registration is valid, subsisting, and constitutes prima facie evidence of Plaintiff's exclusive right to use the mark pursuant to 15 U.S.C. § 1057(b). Plaintiff further alleges that the Defendants knowingly used reproductions, counterfeits, copies, and colorable imitations of the EIDECHSE trademark in connection with the sale of unauthorized products in a manner likely to cause consumer confusion.

Plaintiff claims the Defendants owned, operated, or controlled various commercial internet storefronts identified by seller aliases and Walmart seller URLs listed on Schedule "A" to the Complaint. According to Plaintiff, the Defendants used those storefronts to promote, advertise, distribute, and sell infringing products bearing the EIDECHSE trademark and that the Defendants lacked authorization or license to use the mark. Plaintiff further alleges that the Defendants acted willfully and intentionally in an effort to trade upon Plaintiff's goodwill and reputation associated with the EIDECHSE brand.

On May 30, 2025, pursuant to this Court's Order authorizing alternative service, Plaintiff served the Defendants by email using the email addresses provided through the third-party e-commerce platforms. The service email included the Complaint, the Court's Order authorizing electronic service, the Summonses, and a link containing all relevant filings. *See* ECF Nos. 18, 25, 26. Under Federal Rule of Civil Procedure 12(a)(1)(A), the Defendants' responses were due on June 19, 2025.

The Defaulting Defendants failed to answer, appear, or otherwise respond to the Complaint within the time permitted by the Federal Rules of Civil Procedure. Plaintiff

represents that no Defaulting Defendant requested or received an extension of time to respond, no attorney has appeared on behalf of any Defaulting Defendant, and none of the Defaulting Defendants are minors, incompetent persons, or protected servicemembers within the meaning of the Servicemembers Civil Relief Act.

Plaintiff moved for entry of default judgment against the 123 Defaulting Defendants identified on Schedule "A." In support of the Motion, Plaintiff submitted declarations, infringing product evidence, and proposed orders seeking permanent injunctive relief, statutory damages under 15 U.S.C. § 1117(c), and related equitable relief.

## II. APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

"Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for a sufficient basis for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim."

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (cleaned up)). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245. Thus, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also National Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 393 (11th Cir. 2018) (holding an evidentiary hearing unnecessary in breach of contract action where there was evidence in the record as to lender's damages); *see also Vanderbilt v. Boat Bottom Express Ltd. Liab. Co.*, No. 4:18-CV-10261-JLK, 2019 WL 13255739, at *1 (S.D. Fla. June 18, 2019) ("[I]f the party requesting default judgment does not submit sufficient evidence to support its request for damages, the Court may conduct a hearing on damages." (citing Fed. R. Civ. P. 55(b))).

## III.   DISCUSSION

While a court is authorized to enter a final judgment of default against a party who has failed to defend itself against a suit, a party's "'default does not in itself warrant the court entering a default judgment.'" *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (Bloom, J.) (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)). "Granting a motion for default judgment is within the trial court's discretion." *Id.* (citation omitted). Because a party is not held to admit facts not well pleaded or admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.* (citations omitted); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]" (citation omitted)).

Here, Plaintiff seeks entry of default judgment against the 123 Defaulting Defendants on claims for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a). Plaintiff also seeks statutory damages, permanent injunctive relief, transfer of restrained assets, and related equitable relief. Although this Court finds that Plaintiff has complied with several procedural prerequisites for entry of default judgment, the Motion and supporting filings are insufficient to justify the entry of final judgment in their current form.

As an initial matter, this Court notes that Plaintiff has met certain procedural requirements under Rule 55. The docket reflects that the Clerk entered default against the Defaulting Defendants pursuant to Rule 55(a). *See* ECF No. 45. The record further reflects that Plaintiff effectuated service pursuant to the Court's Order authorizing alternative service and that the Defaulting Defendants failed to answer or otherwise respond within the time permitted under the Federal Rules of Civil Procedure. *See* ECF Nos. 18, 25, 26. Plaintiff has

5

also submitted declarations stating that the Defaulting Defendants are not minors, incompetent persons, or protected servicemembers under the Servicemembers Civil Relief Act. *See* ECF No. 47-1.

Notwithstanding the above-noted procedural compliance, the Motion is deficient in several substantive respects.

First, the Motion and proposed order fail to sufficiently analyze the elements of Plaintiff's claims and explain how the well-pleaded allegations of the Complaint establish each required element as to the Defaulting Defendants. While Plaintiff generally summarizes the Lanham Act causes of action and asserts that the Defendants sold infringing products through online storefronts, the Motion does not adequately identify the elements of each claim with supporting legal authority and then tie the admitted factual allegations to those elements. *See Nishimatsu*, 515 F.2d at 1206. The Court cannot enter default judgment based solely on conclusory assertions that the Defendants infringed Plaintiff's trademarks or acted willfully. Rather, Plaintiff must demonstrate that the well-pleaded factual allegations establish each element of the asserted claims. *See Surtain*, 789 F.3d at 1245.

Second, the Motion inadequately supports the requested statutory damages. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1117(c), requesting an award of "$50,000 per mark per type of goods against each Defaulting Defendant." *See* ECF No. 47. However, neither the Motion nor the supporting declarations adequately explain how Plaintiff calculated the requested damages, how many product categories are implicated, whether all Defaulting Defendants sold the same allegedly infringing products, or how the requested amounts correspond to the alleged infringement conduct. Similarly, the proposed final judgment references damages "per type of product" without identifying the total amount sought against each Defaulting Defendant or the aggregate amount of the requested

6

judgment. This Court therefore cannot determine from the present record whether the requested damages are appropriately tailored to or sufficiently supported by the evidence submitted.

Third, several provisions of the proposed final judgment appear overbroad or insufficiently supported. Plaintiff seeks sweeping injunctive relief directed not only at the Defaulting Defendants, but also at third-party financial institutions, payment processors, online marketplace providers, and other nonparties. Plaintiff additionally seeks turnover of restrained assets without sufficiently identifying the restrained accounts, the amounts restrained, or how those funds correlate to the requested damages awards. The proposed judgment further contains language regarding interest accruing "from the date this action was filed," despite the absence of any adequately supported request for prejudgment interest and notwithstanding that post-judgment interest is governed by 28 U.S.C. § 1961.

Finally, the proposed final judgment contains several drafting and clerical deficiencies, including ambiguous damages provisions and inconsistent descriptions of the requested relief. Before this Court will enter default judgment, Plaintiff must submit a revised proposed order and proposed final judgment that clearly identify the relief sought, specify the damages requested against each Defaulting Defendant, and narrowly tailor any injunctive or equitable relief requested.

Accordingly, because the Motion and supporting filings do not presently provide a sufficient basis for the entry of final default judgment, the Motion is denied.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Default Judgment [**ECF Nos. 47**] is **DENIED WITHOUT PREJUDICE**.

Plaintiff may file a renewed motion within **twenty (20) days** from the date of this Order establishing entitlement to default judgment and addressing each of the issues outlined in this Order by citation to legal authority and pinpoint citations to the Complaint, as well as by attachment of supporting evidence. Plaintiff shall also file and submit to the undersigned's Chambers email address a well-supported proposed order and a proposed final judgment. Failure to support any category of requested damages by citation to adequate evidence in support may result in the Court denying such request.

Failure to comply with any of the requirements outlined herein will result in dismissal of the case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 13th day of May, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**